UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**ALMEDIN SEJDIC,**

                       **Plaintiff,**                      **No.**

**-against-**

                                             **COMPLAINT**

**NCB MANAGEMENT SERVICES, INC.,**

                       **Defendant.**

---

## INTRODUCTION

1.    This is an action for damages brought by an individual consumer for the violation by Defendant NCB Management Services, Inc. of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. The debt sought to be collected by NCB Management Services, Inc. was an alleged consumer credit debt of Plaintiff Almedin Sejdic to pay money allegedly arising out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family, or household purposes.

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendant allegedly transacts business here and the conduct complained of occurred here.

## PARTIES

3.    Plaintiff Almedin Sejdic ("Sejdic") is a natural person residing in the

County of Monroe, State of New York.

4.     Upon information and belief, Defendant NCB Management Services, Inc. ("NCB"), is a foreign corporation organized under the laws of Pennsylvania engaged in the business of collecting debts in New York State and elsewhere and is authorized to do business in this state, and has an address for service at CT Corporation System, 28 Liberty St., New York, New York 10005.

5.     NCB is a debt collector as defined by FDCPA, 15 U.S.C. § 1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

6.     Sejdic qualifies for purposes of this action as an individual consumer pursuant to the FDCPA, i.e., a natural person allegedly obligated to pay any debt.

## FACTUAL ALLEGATIONS

7.     On or about April 22, 2010, a default judgment in the action entitled *EMCC, Inc. v. Almedin Sejdic*, CV-4853-09/RO was filed in the Rochester City Court Clerk's Office in the amount of $1,878.35.

8.     In May of 2019, Kirschenbaum & Phillips, P.C. on behalf of NCB sent Sejdic a collection letter dated May 8, 2019 seeking to collect a debt allegedly owed to NCB by Sejdic based on the above-referenced default judgment taken by EMCC, Inc. against Sejdic in Rochester City Court.  (*See* Exhibit A, attached).  As proof of the debt allegedly owed to NCB, the letter included as an attachment a copy of the default judgment by EMCC, Inc. against Sejdic.  (*See* Exhibit A).

9.     The May 8, 2019 collection letter to Sejdic (Exhibit A) was an attempt by NCB, a debt collector, to collect a debt allegedly owed by Sejdic.

10. Sejdic was not given proper notice of any assignment of a judgment debt on which Sejdic was allegedly liable to EMCC, Inc. or any other alleged predecessor in title to NCB, therefore, any collection proceedings, including the May 8, 2019 collection letter to Sejdic, were prohibited by New York State law.  A debtor, in order to be charged with a duty to pay a debt to an assignee, must first have actual notice of the assignment.  *Tri City Roofers, Inc. v. Northeastern Industrial Park*, 61 NY 2d 779, 780.  This must include proof in evidentiary form of "the date defendant was notified of the assignment" (*see Caprara v. Charles Court Assoc.,* 216 AD2d 722, 723 (3d Dept. 1995).  Further, it is the assignor's obligation to provide such notice of the assignment.

11. Sejdic did not receive any notice of an assignment to NCB of any debt on which Sejdic was alleged to be liable to EMCC, Inc. itself or any other alleged predecessors in title to NCB.

12. In the absence of a notice of assignment from the assignor, NCB was not entitled to pursue any further collection litigation or other collection activities against Sejdic.

13. Sejdic retained legal counsel in part for the purpose of enforcing his right not to be subject to collection activities by an alleged assignee of a judgment without being given notice of the assignment.

**FIRST CLAIM – VIOLATIONS OF FDCPA, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f.**

14. Sejdic repeats and realleges and incorporates by reference the above paragraphs of the Complaint.

15. The collection letter sent on behalf of NCB  misrepresented that NCB as the alleged current creditor had the right to engage in collection activities against Sejdic,

even though Sejdic was never given a proper notice of assignment of the EMCC, Inc. judgment debt to NCB as required by New York State law before any debt collection against Sejdic by NCB was permitted, resulting in the following FDCPA violations:

    a. NCB violated the initial part of 15 U.S.C. § 1692e of the FDCPA, which provides: "§ 1692e. False or misleading representations. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  Because Sejdic was not given a proper notice of an assignment of a judgment debt by any alleged assignor to NCB, NCB violated 15 U.S.C. § 1692e by falsely, deceptively and misleadingly claiming in the collection letter that it was entitled to pursue any collection activities against Sejdic.

    b. NCB violated § 1692e(2)(A), which prohibits the false representation of the character, amount or legal status of any debt.  NCB misrepresented in the collection letter that it was entitled to collect on the default judgment despite the fact it had no legal right to do so since Sejdic was never given any notice of an assignment by any alleged assigner to NCB.

    c. NCB violated 15 U.S.C. § 1692e(10) by misrepresenting that it was authorized to pursue collection activities against Sejdic, including sending Sejdic the May 8, 2019 collection letter, even though NCB was prohibited from engaging in any collection activities against Sejdic because Sejdic was not given notice of any assignment of the debt to NCB from any alleged predecessor of NCB.

    d. NCB violated the initial part of 15 U.S.C. § 1692f: "Unfair practices. A

4

debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." NCB violated § 1692f because it unfairly engaged in collection activities against Sejdic that were prohibited by New York law because Sejdic did not receive any notice of assignment of the alleged judgment debt from EMCC, Inc. to NCB.

16. As a result of such violations, Sejdic suffered concrete injuries, including but not limited to legal costs, the inability to identify the proper creditor, the danger that Sejdic would pay an improper creditor, the deprivation of information that Sejdic was entitled to by law, and other injuries. Sejdic is also entitled to statutory damages and attorney fees as a result of the foregoing violations of the FDCPA.

**SECOND CLAIM – DECEPTIVE PRACTICES UNDER NEW YORK LAW**

17. Plaintiff repeats and realleges the foregoing allegations of the complaint.

18. As stated above, NCB deceptively attempted to collect a consumer debt from Sejdic on which Sejdic never received any notice of assignment from any alleged predecessors of NCB by virtue of the May 8, 2019 collection letter, as well as other deceptive attempts to collect the debt during the past three years, included but not limited to an income execution filed February 22, 2019.

19. The foregoing deceptive acts and practices in the conduct of its debt collection business with regard to Sejdic violated New York General Business Law § 349, thereby causing damages to Sejdic.

20. New York General Business Law §349(a) provides as follows: "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

21. NCB's deceptive conduct was consumer oriented in that it engaged in deceptive collection activities against Sejdic with respect to an alleged consumer debt, and which could affect the public at large. In fact, NCB engages in collecting consumer debts with regard to numerous other residents of New York in the public at large.

22. NCB's practices were deceptive and misleading in a material way. The deceptive practices were likely to mislead a reasonable consumer acting reasonably under the circumstances.

23. As a result of such violations, Sejdic suffered injury, including but not limited to legal costs, the inability to identify proper creditor, the danger that Sejdic would pay an improper creditor, the deprivation of notice and information that Sejdic was entitled to by law.

24. As a result of such injuries, Sejdic is entitled to actual damages, statutory damages, and injunctive relief prohibiting debt collectors from engaging in collection activities prior to giving proper notice of assignment.

25. Plaintiff is also entitled to an award of reasonable attorney fees for prosecuting this action pursuant to §349 of the New York General Business Law.

26. Sejdic may also be entitled to statutory damages pursuant to §349 of the New York General Business Law.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual and statutory damages in amounts to be determined by the Jury and/or Court in Plaintiff's FDCPA claims pursuant to 15 U.S.C. § 1692k.

B. Actual, statutory, treble and punitive damages in amounts to be determined by the Jury and/or Court in Plaintiff's State deceptive practices claim pursuant to New York State General Business Law § 349.

C. Costs and reasonable attorney fees on the FDCPA claims pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees on the State deceptive practices claim pursuant to New York State General Business Law § 349.

E. Such other and further relief as may be just and proper.

Dated: March 2, 2020

***DEMAND FOR JURY TRIAL***

Please take notice that Plaintiff demands trial by jury in this action.

Respectfully submitted,

/s/ David M. Kaplan
David M. Kaplan
Attorney for Plaintiff
46 Helmsford Way
Penfield, NY 14526
585-330-2222
dmkaplan@rochester.rr.com